UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS D. COLVARD, SR., | No. 2:13-cv-2478 AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO SHERIFF'S DEPT., et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

The court takes judicial notice that plaintiff previously filed a civil rights action in Case No. 2:13-cv-2050 EFB which was dismissed without leave to amend on November 7, 2013. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (stating that a court may take judicial notice of its own records). That action named the Sacramento Sheriff's Department as a

1

defendant and specifically identified Detective Lizardo Guzman as one of several individuals responsible for plaintiff's unlawful incarceration.  The instant action names the Sacramento Sheriff's Department and Detective Guzman as defendants.  Plaintiff seeks the same relief in both cases, i.e. monetary damages for every day of his illegal incarceration.  In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.  <u>Adams v. California Dept. of Health Services</u>, 487 F.3d 684, 693 (9th Cir. 2007).  Plaintiff is advised that the Court may dismiss as frivolous a complaint that merely repeats pending or previously litigated claims.  28 U.S.C. § 1915A; <u>see</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995).  Plaintiff is further admonished that, if he fails to file a timely response to this Order to Show Cause, such failure may be deemed as consent to the dismissal of the instant action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause within thirty days why this case should not be dismissed as duplicative of Case No. 2:13-cv-2050 EFB;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied without prejudice;

3. Plaintiff shall also submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

4. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

5. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: December 6, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE